1
2
3
4
5
6
7
8               **IN THE UNITED STATES DISTRICT COURT**

9            **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10
11 DANIEL JOSEPH CARPENTER,         No. CIV S-10-2750-CMK-P

12             Plaintiff,

13     vs.                     <u>ORDER</u>

14 ARNOLD SCHWARZENEGGER, et al.,

15             Defendants.

16 _____/

17          Plaintiff, a state prisoner proceeding pro se, brings this civil rights action pursuant

18 to 42 U.S.C. § 1983.   Pending before the court is plaintiff's complaint (Doc. 1).

19          The court is required to screen complaints brought by prisoners seeking relief

20 against a governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C.

21 § 1915A(a).  The court must dismiss a complaint or portion thereof if it: (1) is frivolous or

22 malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief

23 from a defendant who is immune from such relief.  <u>See</u> 28 U.S.C. § 1915A(b)(1), (2).  Moreover,

24 the Federal Rules of Civil Procedure require that complaints contain a "short and plain statement

25 of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This means

26 that claims must be stated simply, concisely, and directly.  <u>See</u> <u>McHenry v. Renne</u>, 84 F.3d 1172,

1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the court to conduct the screening required by law when the allegations are vague and conclusory.

## I.  PLAINTIFF'S ALLEGATIONS

Plaintiff's complaint is confusing and his claims are vague and conclusory.  It appears that plaintiff is complaining about the operation of the entire correctional system.  His general complaints appear to be challenging the regulatory system under which the correctional system operates, including disciplinary actions, due process, mistreatment, and general supervision.  Overall, it appears his underlying concern is with the inmate grievance appeals process.  However, because the claims are unsupported by any factual allegations, it is unclear exactly what his claims are.

## II.  DISCUSSION

A.  PLEADING  DEFECTS

Plaintiff's complaint suffers from a number of defects.  First, the complaint fails to satisfy the requirements of Rule 8.  As stated above, Rule 8 requires a complaint contain a short and plain statement of the claim.  Plaintiff's complaint consists of a 63 pages of vague and barely intelligible narrative, and includes exhibits and appendix which the court is unable to make sense of.  This pleading method does not satisfy the requirement of Federal Rule of Civil Procedure 8(a) that claims must be stated simply, concisely, and directly.  To state a claim under 42 U.S.C. § 1983, the plaintiff must allege an actual connection or link between the actions of the named defendants and the alleged deprivations.  See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the

2

deprivation of a constitutional right, within the meaning of §1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  <u>See</u> <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).  Rather, the plaintiff must set forth specific facts as to each individual defendant's causal role in the alleged constitutional deprivation.  <u>See</u> <u>Leer v. Murphy</u>, 844 F.2d 628, 634 (9th Cir. 1988).  Petitioner sets forth no specific facts as to how he was harmed or what any of the defendants have specifically done.  All of his complaints are vague, conclusory and too generalized for the court to properly screen.  The complaint will therefore be dismissed without prejudice on this basis.  However, there are additional defects plaintiff needs to be aware of in order to provide him the best opportunity to cure them.

Plaintiff  appears to be complaining about the implementation of various administrative regulations and purports to be the plaintiff representative of a class action. To the extent plaintiff is requesting the court classify this case as a class action, and that plaintiff be allowed to proceed as the class representative, such a request must be denied.  Plaintiff is a non-lawyer proceeding without counsel.  It is well established that a layperson cannot ordinarily represent the interests of a class.  <u>See</u> <u>McShane v. United States</u>, 366 F.2d 286 (9th Cir. 1966). This rule becomes almost absolute when, as here, the putative class representative is incarcerated and proceeding pro se.  <u>See</u> <u>Oxendine v. Williams</u>, 509 F.2d 1405, 1407 (4th Cir. 1975).  In direct terms, plaintiff cannot "fairly and adequately protect the interests of the class," as required by Rule 23(a)(4) of the Federal Rules of Civil Procedure.  <u>See</u> <u>Martin v. Middendorf</u>, 420 F. Supp. 779 (D.D.C. 1976).  This action, therefore, will not be construed as a class action and instead will be construed as an individual civil suit brought by plaintiff.

/ / /

/ / /

1    In addition, plaintiff has named numerous DOE defendants.  Doe defendants are

2    not favored in the Ninth Circuit as a general policy. See Gillespie v. Civiletti, 629 F.2d 637, 642

3    (9th Cir.1980); Velasquez v. Senko 643 F. Supp. 1172, 1180 (N.D. Cal.1986).  There are

4    situations where the identity of alleged defendants will not be known prior to the filing of a

5    complaint. In such circumstances, the plaintiff may be given an opportunity to identify the

6    unknown defendants, unless it is clear that discovery would not uncover the identities, or that the

7    complaint would be dismissed on other grounds. Gordon v. Leeke, 574 F.2d 1147, 1152 (4th

8    Cir.1978), cert. denied, 439 U.S. 970 (1978); see also Wells Fargo & Co. v. Wells Fargo Express

9    Co., 556 F.2d 406, 430-431 n.24 (9th Cir.1977); Oppenheimer Fund, Inc. v. Sanders, 437 U.S.

10   340, 351 n.13(1978).  Here, most of the DOE defendants are general groups of individuals and

11   not specific individuals who are easily identified as one who specifically violated plaintiff's

12   constitutional rights.  If plaintiff determines it is necessary to name a DOE defendant, such a

13   defendant must be a specific individual who plaintiff simply needs time to discover the name of,

14   not a group of persons against whom plaintiff has no specific factual allegations.  Use of DOE

15   defendants in any amended complaint filed must be used sparingly.  General allegations against

16   groups of unknown defendants will be dismissed from this action.

17        The defendants named in the caption of the complaint all appear to be supervisory

18   defendants.  While no specific factual allegations are made as to the action of any defendant,

19   plaintiff needs to be aware that supervisory personnel are generally not liable under § 1983 for

20   the actions of their employees.  See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) (holding

21   that there is no respondeat superior liability under § 1983).  A supervisor is only liable for the

22   constitutional violations of subordinates if the supervisor participated in or directed the

23   violations.  See id.  The Supreme Court has rejected the notion that a supervisory defendant can

24   be liable based on knowledge and acquiescence in a subordinate's unconstitutional conduct

25   because government officials, regardless of their title, can only be held liable under § 1983 for

26   his or her own conduct and not the conduct of others.  See Ashcroft v. Iqbal, 129 S. Ct. 1937,

4

1    1949 (2009).  Supervisory personnel who implement a policy so deficient that the policy itself is

2    a repudiation of constitutional rights and the moving force behind a constitutional violation may,

3    however, be liable even where such personnel do not overtly participate in the offensive act.  See

4    Redman v. Cnty of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (en banc).

5           When a defendant holds a supervisory position, the causal link between such

6    defendant and the claimed constitutional violation must be specifically alleged.  See Fayle v.

7    Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir.

8    1978).  Vague and conclusory allegations concerning the involvement of supervisory personnel

9    in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

10   Cir. 1982).  "[A] plaintiff must plead that each Government-official defendant, through the

11   official's own individual actions, has violated the constitution."  Iqbal, 129 S. Ct. at 1948.

12          B.  CLAIM  DEFECTS

13          1.  Grievance System

14          As best as the court understands plaintiff's complaints, his biggest concern

15   appears to relate to the inmate grievance system.  Prisoners have no stand-alone due process

16   rights related to the administrative grievance process.  See Mann v. Adams, 855 F.2d 639, 640

17   (9th Cir. 1988); see also Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there

18   is no liberty interest entitling inmates to a specific grievance process).  Because there is no right

19   to any particular grievance process, it is impossible for due process to have been violated by

20   ignoring or failing to properly process grievances.   Numerous district courts in this circuit have

21   reached the same conclusion.  See Smith v. Calderon, 1999 WL 1051947 (N.D. Cal 1999)

22   (finding that failure to properly process grievances did not violate any constitutional right); Cage

23   v. Cambra, 1996 WL 506863 (N.D. Cal. 1996) (concluding that prison officials' failure to

24   properly process and address grievances does not support constitutional claim); James v. U.S.

25   Marshal's Service, 1995 WL 29580 (N.D. Cal. 1995) (dismissing complaint without leave to

26   amend because failure to process a grievance did not implicate a protected liberty interest);

1   Murray v. Marshall, 1994 WL 245967 (N.D. Cal. 1994) (concluding that prisoner's claim that

2   grievance process failed to function properly failed to state a claim under § 1983).  Prisoners do,

3   however, retain a First Amendment right to petition the government through the prison grievance

4   process.  See Bradley v. Hall, 64 F.3d 1276, 1279 (9th Cir. 1995).  Therefore, interference with

5   the grievance process may, in certain circumstances, implicate the First Amendment.  Plaintiff

6   fails to adequately allege any violation of his First Amendment rights.

7          2.  Due Process

8          Plaintiff also appears to allege some other type of due process violation.  While

9   these allegations are unclear, the following may be useful to plaintiff if he decides to file an

10   amended complaint to clarify his claims.

11          The Due Process Clause protects prisoners from being deprived of life, liberty, or

12   property without due process of law.  Wolff v. McDonnell, 418 U.S. 539, 556 (1974).  In order to

13   state a claim of deprivation of due process, a plaintiff must allege the existence of a liberty or

14   property interest for which the protection is sought.  See Ingraham v. Wright, 430 U.S. 651, 672

15   (1977); Bd. of Regents v. Roth, 408 U.S. 564, 569 (1972).  Due process protects against the

16   deprivation of property where there is a legitimate claim of entitlement to the property.  See Bd.

17   of Regents, 408 U.S. at 577.  Protected property interests are created, and their dimensions are

18   defined, by existing rules that stem from an independent source – such as state law – and which

19   secure certain benefits and support claims of entitlement to those benefits.  See id.

20          Liberty interests can arise both from the Constitution and from state law.  See

21   Hewitt v. Helms, 459 U.S. 460, 466 (1983); Meachum v. Fano, 427 U.S. 215, 224-27 (1976);

22   Smith v. Sumner, 994 F.2d 1401, 1405 (9th Cir. 1993).  In determining whether the Constitution

23   itself protects a liberty interest, the court should consider whether the practice in question "is

24   within the normal limits or range of custody which the conviction has authorized the State to

25   impose."  Wolff, 418 U.S. at 557-58; Smith, 994 F.2d at 1405.  Applying this standard, the

26   Supreme Court has concluded that the Constitution itself provides no liberty interest in good-

1   time credits, see Wolff, 418 U.S. at 557; in remaining in the general population, see Sandin v.

2   Conner, 515 U.S. 472, 485-86 (1995); in not losing privileges, see Baxter v. Palmigiano, 425

3   U.S. 308, 323 (1976); in staying at a particular institution, see Meachum, 427 U.S. at 225-27; or

4   in remaining in a prison in a particular state, see Olim v. Wakinekona, 461 U.S. 238, 245-47

5   (1983).

6           In determining whether state law confers a liberty interest, the Supreme Court has

7   adopted an approach in which the existence of a liberty interest is determined by focusing on the

8   nature of the deprivation.  See Sandin v. Connor, 515 U.S. 472, 481-84 (1995).  In doing so, the

9   Court has held that state law creates a liberty interest deserving of protection only where the

10  deprivation in question: (1) restrains the inmate's freedom in a manner not expected from the

11  sentence; and (2) "imposes atypical and significant hardship on the inmate in relation to the

12  ordinary incidents of prison life."  Id. at 483-84.  Prisoners in California have a liberty interest in

13  the procedures used in prison disciplinary hearings where a successful claim would not

14  necessarily shorten the prisoner's sentence.  See Ramirez v. Galaza, 334 F.3d 850, 853, 859 (9th

15  Cir. 2003) (concluding that a due process challenge to a prison disciplinary hearing which did not

16  result in the loss of good-time credits was cognizable under § 1983); see also Wilkinson v.

17  Dotson, 544 U.S. 74, 82 (2005) (concluding that claims which did not seek earlier or immediate

18  release from prison were cognizable under § 1983).

19          Where a prisoner alleges the deprivation of a liberty or property interest caused by

20  the unauthorized action of a prison official, there is no claim cognizable under 42 U.S.C. § 1983

21  if the state provides an adequate post-deprivation remedy.  See Zinermon v. Burch, 494 U.S. 113,

22  129-32 (1990); Hudson v. Palmer, 468 U.S. 517, 533 (1984).  A state's post-deprivation remedy

23  may be adequate even though it does not provide relief identical to that available under § 1983.

24  See Hudson, 468 U.S. at 531 n.11.  An available state common law tort claim procedure to

25  recover the value of property is an adequate remedy.  See Zinermon, 494 U.S. at 128-29.

26  / / /

1          Finally, with respect to prison disciplinary proceedings, due process requires

2   prison officials to provide the inmate with: (1) a written statement at least 24 hours before the

3   disciplinary hearing that includes the charges, a description of the evidence against the inmate,

4   and an explanation for the disciplinary action taken; (2) an opportunity to present documentary

5   evidence and call witnesses, unless calling witnesses would interfere with institutional security;

6   and (3) legal assistance where the charges are complex or the inmate is illiterate.  See Wolff, 418

7   U.S. at 563-70.  Due process is satisfied where these minimum requirements have been met, see

8   Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), and where there is "some evidence" in

9   the record as a whole which supports the decision of the hearing officer, see Superintendent v.

10  Hill, 472 U.S. 445, 455 (1985).  The "some evidence" standard is not particularly stringent and is

11  satisfied where "there is any evidence in the record that could support the conclusion reached."

12  Id. at 455-56.  However, a due process claim challenging the loss of good-time credits as a result

13  of an adverse prison disciplinary finding is not cognizable under § 1983 and must be raised by

14  way of habeas corpus.  See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997).

15          3.  Treatment

16          Most of plaintiff's complaint appears to be related to due process and the inmate

17  grievance process.  However, there is some indication that he may be complaining about his

18  overall treatment.  Therefore, plaintiff should be aware that the treatment a prisoner receives in

19  prison and the conditions under which the prisoner is confined are subject to scrutiny under the

20  Eighth Amendment, which prohibits cruel and unusual punishment.  See Helling v. McKinney,

21  509 U.S. 25, 31 (1993); Farmer v. Brennan, 511 U.S. 825, 832 (1994).  The Eighth Amendment

22  "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency."

23  Estelle v. Gamble, 429 U.S. 97, 102 (1976).  Conditions of confinement may, however, be harsh

24  and restrictive.  See Rhodes v. Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison

25  officials must provide prisoners with "food, clothing, shelter, sanitation, medical care, and

26  personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official

violates the Eighth Amendment only when two requirements are met: (1) objectively, the official's act or omission must be so serious such that it results in the denial of the minimal civilized measure of life's necessities; and (2) subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of inflicting harm.  See Farmer, 511 U.S. at 834. Thus, to violate the Eighth Amendment, a prison official must have a "sufficiently culpable mind."  See id.   Again, there are no specific claims of any prison official violating plaintiff's Eighth Amendment rights.  If plaintiff indents to so allege, he must specify what actions constitute a violation of his rights, and who was responsible for those actions.

### III.  CONCLUSION

Because it is possible that the deficiencies identified in this order may be cured by amending the complaint, plaintiff is entitled to leave to amend prior to dismissal of the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is informed that, as a general rule, an amended complaint supersedes the original complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to amend, all claims alleged in the original complaint which are not alleged in the amended complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if plaintiff amends the complaint, the court cannot refer to the prior pleading in order to make plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be complete in itself without reference to any prior pleading.  See id.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved, and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

/ / /

Finally, plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

Accordingly, IT IS HEREBY ORDERED that:

1.    Plaintiff's complaint is dismissed with leave to amend; and

2.    Plaintiff shall file an amended complaint within 30 days of the date of service of this order.

DATED:  November 14, 2011

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE